NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALCOLM BLUM, | |
| Plaintiff, | |
| v. | Civil Action No. 06-916 (JAG) |
| THE TRAVELERS INDEMNITY COMPANY, SUCCESSOR IN INTEREST BY MERGER TO GULF INSURANCE COMPANY, | OPINION |
| Defendant. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion for summary judgment by defendant The Travelers Indemnity Company, as successor in interest by merger to Gulf Insurance Company ("Travelers" or "Defendant"), and the motion for summary judgment by plaintiff Malcolm Blum ("Blum" or "Plaintiff"), pursuant to FED. R. CIV. P. 56. For the reasons set forth below, Defendant's motion shall be granted, and Plaintiff's motion shall be denied.

## I. BACKGROUND

Yeghoutiel Rabbani ("Rabbani"), George Fahmy ("Fahmy"), and Burhan Aras ("Aras") were shareholders of Paramus Jewelers, LLC ("Paramus Jewelers"). Paramus Jewelers retained Blum, an attorney practicing in the State of New Jersey, to represent it in a number of matters. Rabbani, Fahmy, and Aras entered into an Operating Agreement respecting Paramus Jewelers' operations procedures. Among other things, the Operating Agreement provided that notice must

be given to Paramus Jewelers and its shareholders in the event a shareholder wants to sell all or part of his shares.

At some point after the Operating Agreement had been executed,[1] Aras made a decision to sell his shares to Fahmy. Blum represented Fahmy in connection with his purchase of the shares. However, both Fahmy and Aras failed to give Rabbani notice of the proposed transaction.

On or about December 5, 2001, Rabbani filed a Verified Complaint for Derivative Action against Fahmy, Aras, and Paramus Jewelers. (Verified Complaint for Derivative Action, attached as Ex. E to Declaration of Aileen F. Droughton, Esq. ("Droughton Decl.").) In June of 2002, counsel for Rabbani sent to Plaintiff a copy of an expert report prepared by Michael P. Ambrosio, Esq., dated June 3, 2002. The report states that Blum violated various New Jersey Rules of Professional Conduct "by his simultaneous representation of Paramus Jewelers, LLC and George Fahmy." (Letter to Steven Harz from Michael Ambrosio, dated June 3, 2002, attached as Ex. G to Droughton Decl. and as Ex. 12 of Exhibits Submitted On Behalf Of Plaintiff, Malcolm Blum, In Support Of His Motion For Summary Judgment.)

In early 2003, Plaintiff completed and submitted to Travelers a Lawyers Professional Liability Insurance Application (the "Application"). The Application states:

> IF A POLICY IS ISSUED, THIS APPLICATION AND ANY
> SUPPLEMENTS WILL BE ATTACHED TO AND MADE A
> PART O[F] THE POLICY.

---

[1] Plaintiff alleges that Aras decided to sell his shares in 2001 (Pl. Statement of Uncontested Material Facts ¶ 7), while Defendant asserts that the transaction took place "[s]ome time in 2003" (Def. Statement of Undisputed Material Facts ¶ 6). As the date of the transaction is not pertinent to the resolution of this motion, this Court shall not regard the incongruent dates as evidence of a disputed material fact.

(Application, attached as Ex. I to Droughton Decl.)

Question 32 in the Application asks, "Does any attorney for whom coverage is sought know of any incident, act, error, or omission that could result in a claim or suit against the Firm or any predecessor firm or any of the current or former members of the Firm?" (Id.) In response, Plaintiff stated, "Yes." (Id.) To further probe this answer, the Application directed Plaintiff to complete a Supplemental Claim Form for each incident. (Id.)

In the Supplemental Claim Form, Plaintiff described a potential claim that Rabbini may bring against him, explaining that "[c]laimant [Rabbini] complained about his not being apprised of a purchase by one shareholder of another shareholder's stock in an LLC." (Supplemental Claim Form, attached as Ex. J to Droughton Decl.)

According to the Supplemental Claim Form, Plaintiff became aware of this potential claim in June of 2002. (Id.) The Supplemental Claim Form also states:

> Any claims or incidents disclosed in the application or to which any member of the Firm has knowledge prior to the effective date of this application, will not be afforded coverage under any policy which may subsequently be issued by Gulf Insurance.

(Id.)

Travelers issued to Plaintiff the Lawyers Professional Liability Policy No. GA 1400495 (the "Insurance Policy"), covering the period running from April 1, 2003 to April 1, 2004.[2] (Insurance Policy, attached as Ex. K to Droughton Decl.) The Insurance Policy was renewed twice, with subsequent one-year coverage periods beginning on April 1, 2004, and on April 1,

---

[2] In his Statement of Uncontested Material Facts, Plaintiff notes that the Policy specifies April 1, 1983 as the "retroactive date" of the Policy. (Insurance Policy, attached as Ex. K to Droughton Decl.)

2005.

Section VI of the Policy, entitled "Exclusions," provides that:

> This insurance does not apply to "claims":
> (G) Arising out of any error, omission, negligent act, or "personal injury" occurring prior to the inception date of this policy if any insured prior to the inception date knew or could have reasonably foreseen that such error, omission, negligent act or "personal injury" might be expected to be the basis of a "claim" or "suit."

(Id.)

In a letter dated October 31, 2005, Plaintiff informed Travelers that Rabbani threatened to file a legal malpractice claim against him. By correspondence dated January 5, 2006, Travelers informed Plaintiff that it would "neither indemnify nor defend [Blum] in this matter." (Letter from Adam Van Zandt, Claims Counsel, to Malcolm Blum, dated January 5, 2006, attached as Ex. O to Droughton Decl.) Subsequently, on March 1, 2006, Rabbani filed a legal malpractice claim against Plaintiff in New Jersey state court. (Complaint & Jury Demand, attached as Ex. B to Droughton Decl.)

Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey, Law Division, Bergen County, on or about January 26, 2006, seeking a declaratory judgment ordering Defendant to defend and indemnify Plaintiff against the legal malpractice claim pursued by Rabbani. The case was removed to federal court on February 28, 2006.

After this Court denied Plaintiff's motion to remand this case to state court, Defendant filed a motion for summary judgment on September 4, 2007, in accordance with Magistrate Judge Arleo's Scheduling Order. In its summary judgment motion, Defendant argues that it is under no obligation to defend or indemnify Plaintiff against the legal malpractice claim filed by

Rabbani because (1) express language in the Policy and the Supplemental Claim Form precludes coverage of Rabbani's legal malpractice claim; and (2) the Policy unambiguously excludes from coverage any claim or potential claim of which Plaintiff had prior knowledge.

In response, Plaintiff filed opposition papers, as well as a motion for summary judgment.[3] Plaintiff contends that Defendant cannot rely on information disclosed in the Application to decline coverage of Rabbani's legal malpractice claim, because the Application was not incorporated as part of the Policy. Plaintiff goes on to argue that Section VI of the Policy, which he identifies as the only other basis upon which Defendant may rely to decline coverage, is inapplicable in this case since Rabbani's legal malpractice claim was filed after the Policy's retroactive effective date.

## II. STANDARD OF REVIEW

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute

---

[3] Defendant asserts, erroneously, that Plaintiff's summary judgment motion was untimely filed. The Scheduling Order signed by Magistrate Judge Arleo on August 3, 2007 (the "Scheduling Order") imposes a September 4, 2007 deadline by which Defendant must file a motion for summary judgment, but is silent as to whether Plaintiff must file his summary judgment motion by the same date. Even if this Court broadly construed the Scheduling Order to impose a fixed deadline by which both parties must file their dispositive motions, this Court shall nonetheless, out of an abundance of caution, consider the merits of Plaintiff's motion. See Briglia v. Horizon Healthcare Svcs., Inc., No. 03-6033, 2007 WL 1959249, at *3 (D.N.J. July 3, 2007) (ruling that striking party's untimely summary judgment briefs would result in too harsh a sanction); First Union Nat'l Bank v. Bank One, N.A., No. 01-1204, 2002 WL 501145, at *4 (E.D. Pa. Mar. 28, 2002) (refusing to strike plaintiff's untimely cross-motion for summary judgment because this sanction would be unduly harsh).

is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  This Court shall "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor."  Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence . . . ."  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

When the moving party has the burden of proof on an issue at trial, that party has "the burden of supporting their motions 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'"  In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331); see also United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." (emphasis in original)  (internal citations omitted).)  Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and

pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "If the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Foster v. Morris, 208 F. App'x 174, 179 (3d Cir. 2006).

### III. ANALYSIS

Defendant argues that it is under no obligation to indemnify or defend Plaintiff with respect to Rabbani's legal malpractice claim because Plaintiff disclosed this potential claim in the Supplemental Claim Form, and therefore was informed by the terms of the Policy that it would not be covered under the Policy. In his cross-motion, however, Plaintiff argues that Defendant is obligated under the terms of the Policy to provide coverage against Rabbani's legal malpractice claim, as a matter of law.

New Jersey state law imposes a number of public policy considerations upon the interpretation of an insurance contract. Insurance "contracts are to be interpreted in a manner that recognizes the reasonable expectations of the insured." Zuckerman v. Nat'l Union Fire Ins. Co., 495 A.2d 395, 404 (N.J. 1985). "The recognition that insurance policies are not readily understood has impelled courts to resolve ambiguities in such contracts against the insurance companies." Sparks v. St. Paul Ins. Co., 495 A.2d 406, 412 (N.J. 1985). Accordingly, "the court should give the words of the policy "their plain, ordinary meaning." Sahli v. Woodbine Bd. of Educ., 938 A.2d 923, 930 (N.J. 2008).

The Policy unambiguously declares that the potential claims set forth in the Supplemental

Claim Form shall not receive coverage. Blum's answer to Application Question 32 disclosed to Travelers his knowledge of a potential claim that may be raised against him. Blum then described this potential claim in the Supplemental Claim Form by naming Rabbani as the potential claimant,[4] and by summarizing the dispute between Rabbani and the remaining two shareholders.

The Supplemental Claim Form clearly states, in simple terms, that "[a]ny claims or incidents disclosed in the application . . . will not be afforded coverage under any policy which may subsequently be issued by Gulf Insurance." (Ex. J to Droughton Decl.) Indeed, Blum signed the Supplemental Claim Form below this attestation. Rabbani's legal malpractice suit against Blum is a direct outgrowth of the potential claim described by Blum in the Supplemental Claim Form, and thus coverage, under the Policy, cannot be established.

Blum argues that the information he provided in the Application and the Supplemental Claim Form do not constitute a part of the contract created by the Policy, and thus should not have been taken into consideration when determining whether Rabbani's legal malpractice claim was covered under the Policy. To support this contention, Blum points to the deposition testimony of Adam Van Zandt, Esq. ("Van Zandt"), who stated that he did not know whether Blum's application for insurance was in fact annexed to the Policy. (Deposition of Adam Van

---

[4] Plaintiff asserts that "Rabbani's then attorney had specifically advised Blum that Rabbani had no intention of and would not ever file a claim against Blum . . . ", and that, as a result, he did not anticipate that a claim would be filed against him by Rabbani. (Cert. of Malcolm Blum, attached as Ex. 12 to Exhibits Submitted On Behalf Of Plaintiff, Malcolm Blum, In Support Of His Motion For Summary Judgment, at ¶ 25.) However, the issue in this case is not whether Plaintiff in fact thought that Rabbani would file a claim against him. Rather, the outstanding question is whether the Policy clearly disclaims coverage of Rabbani's legal malpractice claim. To this end, any assertion from Rabbani's attorney is immaterial. Plaintiff's assertion, therefore, does not create a genuine issue of material fact.

Zandt, attached as Ex. 30 to Exhibits Submitted On Behalf Of Plaintiff, Malcolm Blum, In Support Of His Motion For Summary Judgment, at T36:15-20.)  However, the Application clearly states, in bold, capitalized letters, that "if a policy is issued, this application and any supplements will be attached to and made a part of the policy."  (Ex. I to Droughton Decl.)  Moreover, any doubt that the Supplemental Claim Form constitutes a "supplement" under the terms of this disclaimer is assuaged by the statement in the Supplemental Claim Form that "the information submitted herein becomes a part of the Applicant's Lawyers Professional Liability Insurance Application or Renewal Application and is subject to the same representations and conditions."  (Ex. I to Droughton Decl.)  Van Zandt's testimony does not create a genuine issue of material fact regarding whether the Application and the Supplemental Claim Form became a part of the Policy.  Indeed, definitive statements in both the Application and the Supplemental Claims Form assuredly put Blum on notice that the information provided therein were incorporated as part of the Policy.

     Blum characterizes his response to Question 32 of the Application as a "damned if you do and damned if you don't" situation, explaining that "if he was entirely forthcoming and honest . . . the carrier would decline to provide him with coverage," but "if he was not entirely forthcoming and concealed what he believed to be relevant information . . . the carrier would deny coverage on grounds that he had not been fully forthcoming when he applied for insurance in the first place . . . ."  (Pl. Summary Judgment Br., at 21.)  This Court need not examine whether Plaintiff would be entitled to coverage if he had not disclosed that Rabbani may potentially file a claim against him.  Unequivocal language in the Application and the Supplemental Claim Form clearly excludes from coverage under the Policy any actual or potential claims of which the applicant is

9

currently aware. As Rabbani's legal malpractice claim falls within this class of claims, he is not entitled to coverage, under the Policy, for this claim.

## IV. CONCLUSION

For the reasons set forth above, Defendant's summary judgment motion shall be granted, and Plaintiff's motion for summary judgment shall be denied. There are no genuine issues as to a material fact on either motion. The record makes it clear that Defendant's motion should be granted as a matter of law.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: June 20, 2008